### SMITH & BRO. v. VAN GILDER, Adm'r.

VERDICT—*When not disturbed.*—The verdict of a jury, or the finding of facts by the court trying the case, sitting as a jury, will not be disturbed unless the same be without evidence to support it.

#### APPEAL FROM ASHLEY CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Johnston & Hawkins* and *Watkins & Rose,* for Appellants.
*J. W. Van Gilder,* for Appellee.

SEARLE J.—The issues in this action were tried in the court below by the court sitting as a jury. Finding and judgment were for the defendant, from which plaintiffs appealed to this court. The motion for a new trial was upon the following grounds :

*First.* That the court refused to declare certain propositions of law, asked by the plaintiffs to be declared as the law of the case.

*Second.* That the verdict and judgment of the court were contrary to the law and evidence.

As to the first ground for a motion for a new trial, we have but a word to say. The court declared a number of propositions of law, which, taken together, fully comprehended the substance of what was contained in the propositions of law refused. No prejudice, therefore, could result from the refusal of the latter. The propositions of law

declared seem to comprehend fully the law of the case.  So
the appellants can have no cause for complaint upon this first
ground ·for their motion for a new trial, by the same being
overruled.

We will now consider the second ground for the motion
for a new trial, namely, that the verdict and judgment of
the court were contrary to the law and the evidence.  This we
will take to mean, as was doubtless intended, that the finding
of the facts by the court, sitting in the trial of the case, as a
jury, was contrary to the law and the evidence.  It appears
that the writing sued upon, as evidence of indebtedness, was
executed by Kittrell & Co., and it is contended, by appellants,
that D. L. Evans, of whose estate the appellee is administra-
tor, was a partner of the firm when the same was executed,
or at least held himself out as such, which fact induced the
appellants to give credit to the writing sued upon, and accept
the same.  The main question of fact for the court, as a jury,
to find, was, as to whether Evans was a partner in said firm,
or held himself out as a member of the firm, thereby giving
the firm credit, by which the obligation accrued, as upon
this depended his liability or the liability of his estate to
satisfy the note sued upon.  The court found, as the facts in
the premises :

*First.* That Evans was not a partner in said firm.

*Second.* That he did not hold himself out by words or acts,
as a partner, either open or secret, of the firm, or as in any
manner connected or interested in the business of the firm.

Was this finding contrary to the evidence?  We have care-
fully examined the evidence, and though we find it very con-
flicting, the finding of the court was not without foundation.
We are not, therefore, disposed to disturb it.  For the well
known rule that the verdict of a jury will not be disturbed,
unless the same be without evidence to support it, will apply
to the finding of facts by a court trying the case, sitting as
a jury, to the same extent and for the same reasons.  The
finding of facts, by a court, not being against the evidence,

38

is neither against the law, as the law was correctly declared.

The opinion of this court is, therefore, that there was no error in the proceedings and judgment of the court below, and the judgment must be affirmed.